UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA,

     v.

STEVEN COHEN,

       Defendant.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**
22-CR-265 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On June 28, 2023, Defendant pled guilty to a lesser-included offense of Count One of a two-count Indictment, charging him with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). Plea Agreement ¶ 1, ECF No. 90. The Court now sentences Defendant and provides a complete statement of reasons, pursuant to 18 U.S.C. § 3553(c)(2), of those factors set forth by Congress in 18 U.S.C. § 3553(a). For the reasons set forth below, Defendant is hereby sentenced to sixty (60) months' imprisonment; four years' supervised release with the standard conditions of supervision; and a $100.00 mandatory special assessment.

## I. BACKGROUND

From December 2020 to February 2022, Defendant participated in a drug-trafficking conspiracy directed by co-defendant Jared Guerrero. Sealed Presentence Investigation Report ("PSR") ¶ 8, ECF No. 168. Co-defendant Guerrero arranged to sell illegal narcotics, including heroin, fentanyl, and a fentanyl analogue, to undercover law enforcement officers posing as ordinary customers. *Id.* ¶ 6. Defendant and co-defendant Wesner Frederique worked as "runners," delivering the drugs, collecting payment, and, on some occasions, organizing transaction details directly with the undercover officers. *Id.* Defendant is personally responsible for distributing 110.204 grams of fentanyl and 190.58 grams of a fentanyl analogue in connection with the conspiracy. *Id.* ¶ 8.

*Procedural History*

On June 22, 2022, Defendant was arrested and his residence searched. Gov't Sent'g Mem. at 2, ECF No. 191. During the search, law enforcement recovered substantial quantities of cash, narcotics, drug paraphernalia, a firearm, and ammunition. *Id.*

On June 28, 2023, Defendant pled guilty to a lesser-included offense of Count One of a two-count Indictment, charging him with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). Plea Agreement ¶ 1, ECF No. 90. On April 25, 2024, consistent with the Plea Agreement (¶¶ 6–13), the Court ordered forfeiture of $12,150.00 and a seized semi-automatic pistol and ammunition. *See generally* Order of Forfeiture, ECF No. 139.

## II. LEGAL STANDARD

Congress set forth the procedures for imposing a sentence in a criminal case in 18 U.S.C. § 3553. Together with 18 U.S.C. § 3553, the United States Federal Sentencing Guidelines operate as the "starting point and the initial benchmark" for a court evaluating a criminal sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form." *Id.* The court's statement of reasons "shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.) (internal citation omitted).

When determining the appropriate sentence, the court must consider seven different factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentence range established by the Guidelines; (5) any pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among similar defendants found guilty of similar conduct; and (7) the need to provide restitution to victims of the offense. *See* 18 U.S.C. § 3553(a). The Court now addresses each factor in turn.

### III. ANALYSIS

#### A. The Nature and Circumstances of the Offense and the History and Characteristics of Defendant

The first Section 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

##### 1. *Family and Personal Background*

Defendant was born on April 17, 1988, in Queens, New York. PSR ¶ 39. Defendant's father was deported to Israel when Defendant was young. *Id.* Defendant is not in contact with his father. *Id.* Defendant's mother works as a preschool evaluation coordinator and lives in Queens, New York. *Id.* She suffers from multiple sclerosis, which she treats with medication. *Id.* Defendant is close with his mother. *Id.* She is aware of the instant offense and supportive. *Id.*; Def. Suppl. Sent'g Mem. at 2–3, ECF No. 188.

Defendant was raised by his mother under lower income circumstances. *Id.* ¶ 41. He was always cared for and did not experience abuse. *Id.* When Defendant was ten, his mother married a man who became a surrogate father to Defendant. *Id.*

3

Defendant has one full sibling and two maternal half-siblings. *Id.* ¶ 40. Defendant is close with each of his siblings, all of whom, like Defendant, live in Queens. *Id.* They are aware of the instant offense and supportive. *Id.*

Defendant has neither married nor had children. *Id.* ¶ 42. Since 2019, he has been in a romantic relationship. *Id.*

### 2. *Educational and Employment History*

In 2006, Defendant graduated from John Bowne High School in Queens, New York. *Id.* ¶ 51. From 2006 to 2007, he attended courses at John Jay College in Manhattan, New York, but did not earn a degree. *Id.* In 2019, Defendant obtained an audio engineering certificate from the Institute of Audio Research in Manhattan, New York. *Id.*

From 2008 to 2018, Defendant worked as a bellman at various hotels in New York. *See id.* ¶¶ 53–56. From 2018 to present, Defendant has worked as a bellman at a luxury hotel in Nolita, excepting a period from 2020 to 2022 when he was furloughed due to the COVID-19 pandemic. *Id.* ¶ 52.

### 3. *Prior Convictions*

Defendant has no prior criminal history. PSR ¶¶ 32–37.

### 4. *Physical and Mental Health*

In January 2021, Defendant underwent surgery to repair a deviated septum. *Id.* ¶ 46. He has no other reported medical history. *Id.*

With respect to his mental and emotional health, Defendant reports experiencing symptoms of anxiety, depression, and anger since he was a teenager. *Id.* ¶ 47. He has not formally been diagnosed with any conditions. *Id.*

5.  *Substance Abuse*

Defendant reports abusing marijuana and alcohol before his arrest for the instant offense. *Id.* ¶ 48. Since his arrest, Defendant has abstained from marijuana and rarely consumed any alcohol. *Id.* ¶ 47. He goes to the gym daily, which he calls a "stress reliever." *Id.*

6.  *Nature and Circumstances of the Offense*

The Court's previous statements address the nature and circumstances surrounding the instant offense. *See supra* Part I.

**B.  The Need for the Sentence Imposed**

The second Section 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's offense, which involved participating in a conspiracy to sell dangerous narcotics—fentanyl and a fentanyl analogue—to numerous customers, including undercover officers, in his community. *See supra* Part I. The Court's sentence will deter others from engaging in similar acts and justly punish Defendant for his crimes. Indeed, the Court's sentence is "sufficient, but not greater than necessary" to comply with the purposes set forth in this factor. 18 U.S.C. § 3553(a).

**C.  The Kinds of Sentences Available**

The third Section 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). Plea Agreement ¶ 1. He faces a statutory minimum term of five years' imprisonment and a maximum term of forty (40) years' imprisonment. 21 U.S.C. § 841(b)(1)(B). He faces a statutory minimum term of four years' supervised release and a maximum term of life.

Defendant also faces a maximum fine of $5,000,000.00. 21 U.S.C. § 841(b)(1)(B). He owes forfeiture as set forth in the Order of Forfeiture. *See* Order of Forfeiture, ECF No. 139. Finally, the Court is required to impose a mandatory special assessment of $100.00 per count under 18 U.S.C. § 3013(a)(2)(A).

### D.    The Kinds of Sentence and the Sentencing Range Established for Defendant's Offense

The fourth Section 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . [t]he applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." *Id.* § 3553(a)(4)(A).

The applicable Guideline for Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances is U.S.S.G. §2D1.1. Defendant is accountable for 2,185.09 kilograms of converted drug weight, resulting in a base offense level of thirty (30). U.S.S.G. §§2D1.1(a)(5) and (c)(5). Three offense levels are subtracted because Defendant timely accepted responsibility. U.S.S.G. §§3E1.1(a)–(b). Two offense levels are subtracted because Defendant is a zero-point offender. U.S.S.G. §4C1.1. One offense level is subtracted because Defendant participated in a global resolution. U.S.S.G. §5K2.0 (Policy Statement). These reductions result in a total offense level of twenty-four (24).

Probation recommends a bottom-of-the-Guidelines sentence of sixty (60) months' imprisonment; four years' supervised release; and a $100.00 mandatory special assessment.

Sealed Prob. Sent'g Rec. at 1, ECF No. 168-1. The Government recommends a Guidelines sentence of sixty (60) to sixty-three (63) months' imprisonment. Gov't Sent'g Mem. at 1, 3 n.3. Defense counsel recommends a bottom-of-the-Guidelines sentence of sixty (60) months' imprisonment. Def. Sent'g Mem. at 3. In supplemental sentencing memoranda, defense counsel submits letters of support from Defendant's mother, sister, cousins, uncle, and close family friend. *See generally* Def. Suppl. Sent'g Mem., ECF No. 188; Def. Second Suppl. Sent'g Mem., ECF No. 192.

The Court appreciates the sentencing arguments raised by all parties and has thoroughly considered each in turn.

### E.  Pertinent Policy Statement(s) of the Sentencing Commission

The fifth Section 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5).

The parties have not drawn the Court's attention to any pertinent policy statements. Finding none on its own, the Court proceeds to the next Section 3553(a) factor.

### F.  The Need to Avoid Unwarranted Sentence Disparities

The sixth Section 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

For the reasons stated in this Memorandum and Order, and considering the other Section 3553(a) factors, Defendant's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh Section 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Restitution is not applicable in this case. *See* Plea Agreement ¶ 1(e).

## IV. CONCLUSION

For the reasons set forth above, the Court sentences Defendant to sixty (60) months' imprisonment; four years' supervised release with the standard conditions of supervision; and a $100.00 mandatory special assessment. This sentence is sufficient but not greater than necessary to accomplish the purposes of Section 3553(a)(2). The Court does not impose a fine considering Defendant's apparent inability to pay.

The Court expressly adopts the factual findings of the Sealed Presentence Investigation Report, as corrected herein, to the extent those findings are not inconsistent with this opinion.

**SO ORDERED.**

**s/WFK**

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: July 11, 2025
Brooklyn, New York

8